IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MELONIE HURLING | : | |
| 5258 PARKSIDE AVENUE | : | |
| PHILADELPHIA, PA 19131 | : | |
|     PLAINTIFF | : | |
|   V. | : | |
| | : | |
| RITE AID CORPORATION | : | |
| 5440 LANSDOWNE AVENUE | : | |
| PHILADELPHIA, PA 19131 | : | |
| | : | |
|     AND | : | JURY DEMANDED |
| | : | |
| RYAN NGUYEN, INDIVIDUALLY | : | |
| AND AS PHARMACY MANAGER | : | |
| FOR RITE AID | : | |
| 5440 LANSDOWNE AVENUE | : | |
| PHILADELPHIA, PA 19131 | : | CIVIL ACTION NO: |
| | : | |
|     AND | : | |
| | : | |
| CHRISTINE CARAVELLO, INDIVIDUALLY | : | |
| AND AS PHARMACY DISTRICT MANAGER | : | |
| FOR RITE AID | : | |
| 5440 LANSDOWNE AVENUE | : | |
| PHILADELPHIA, PA 19131 | : | |
|     DEFENDANTS | : | |

COMPLAINT – CIVIL ACTION

**INTRODUCTION**

1.      This is an action for declaratory, injunctive, and other appropriate relief, including back pay, future pay, costs, compensatory and punitive damages and attorney's fees, to redress the deprivation of Plaintiff's rights secured by Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e et seq, the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621-634, and the Pennsylvania Human Relations Act.  Specifically, Plaintiff seeks injunctive and other relief

1

against discrimination in employment on the basis of race, age and sex discrimination through a hostile work environment, as well as retaliation by the employer against Plaintiff.

## JURISDICTION

2.      This action is brought pursuant to 42 U.S.C. § 2000e et seq.  Jurisdiction is based upon 28 U.S.C. §§ 1331 and 1343, and the aforementioned statutory provision.  Plaintiff further invokes the pendent jurisdiction of this Court, provided by 28 U.S.C. § 1367, to hear and decide claims arising under state law, specifically, the Pennsylvania Human Relations Act.

## PARTIES

3.      Plaintiff Melonie Hurling is a citizen of the United States and resident of the Commonwealth of Pennsylvania and lives within the County of Philadelphia at 5258 Parkside Avenue, Philadelphia, PA 19131.  Plaintiff is a Black female who was hired by Defendant Rite Aid in 1993 as a Pharmacy Technician.  At all times relevant to this Complaint, Ms. Hurling was an employee within the meaning of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e-5(f).

4.      Defendant RITE AID CORPORATION ("Rite Aid"), at all times relevant to this Complaint, was and is a Pennsylvania corporation doing business in the City of Philadelphia as Rite Aid Pharmacy, 5440 Lansdowne Avenue, Philadelphia, Pa 19131, which employed, retained, trained, supervised or otherwise contracted the services of  Rite Aid employees, servants and/or agents, including Ryan Nguyen and Christine Caravello.  At all times relevant to this Complaint, Defendant Rite Aid was an employer within the meaning of 42 U.S.C. §2000(e)(b), and is responsible for the training, supervision and discipline of its employees.

5.      Defendant Ryan Nguyen ("Nguyen") is an adult individual and manager of the Defendant company and supervisor of Plaintiff with his principal place of business located in Philadelphia

County at Rite Aid Pharmacy, 5440 Lansdowne Avenue, Philadelphia, Pa 19131. At all times relevant to this Complaint. Defendant Nguyen is being sued in his individual and official capacity.

6. Defendant Christine Caravello ("Caravello"), is an adult individual and Pharmacy District Manager and Supervisor of Plaintiff with her principal place of business located in Philadelphia County at Rite Aid Pharmacy, 5440 Lansdowne Avenue, Philadelphia, Pa 19131. At all times relevant to this Complaint. Defendant X is being sued in her individual and official capacity.

## FACTUAL ALLEGATIONS

7. The preceding paragraphs are incorporated herein by reference as though fully set forth.

8. Plaintiff Hurling, an African-American individual was employed by Rite Aid on or about February 22, 1993 until on or about July 7, 2012, the date of her unlawful termination.

9. Plaintiff was born June 4, 1955. At the time of her termination, Plaintiff was 57 years old.

10. During the course of her employment, Plaintiff Hurling held the position of Pharmacy Technician in the Pharmacy Department of the company.

11. Plaintiff Hurling at all times maintained a superlative job performance rating evidenced by her longstanding employment at Rite Aid, as well as her lack of significant disciplinary record up to the time she was being supervised by defendant Nguyen.

12. In 2010, defendant Nguyen, (Vietnamese) was hired as pharmacy Manager.

3

13. From the commencement of Nguyen's employment, Plaintiff Hurling was subjected to discrimination, harassment and hostile work environment by Nguyen in that he regularly harassed Plaintiff Hurling for reasons believed to be because of her age, race and gender.

14. Some of the harassing conduct Plaintiff was subjected to included unfair written warnings for calling out and/or leaving early, including May 24, 25 and 29th, in 2012.

15. On May 25, 2012, Defendant Nguyen bumped into Plaintiff at a Sunoco gas station close to where she resides. This was the morning of the funeral for her nephew where she had pre-approval to have off.

16. Defendant Nguyen approached Plaintiff and asked her if it was ok for him to write her up. Plaintiff responded "for what?" Defendant did not respond. The next day Plaintiff showed up for work, she was shown a write-up.

17. On May 29, 2012, Rite Aid failed an inspection and Defendant Nguyen informed Plaintiff he was going to write her up for things that were not her fault.

18. After writing Plaintiff up, she refused to sign the write-up as nothing in it was correct.

19. Plaintiff went to Drew, a front-end manager and complained. Drew responded by stating he was not going to get involved.

20. On June 11, 2012 Plaintiff was told by another employee that he worked alone until 11:00 am and no one was written up for coming in late.

21. On June 13, 2012, Carlena, another employee, under 40, came in at 10:29 am and was not written up.

22. Defendant would frequently yell and demean Plaintiff regarding her uniform. No other employees were targeted for their dress, despite having the same flaws as that which was pointed

4

out for Plaintiff. There were always employees, including the front end manager who would dress out of uniform and nothing was said or done to them.

23. Other times, Plaintiff was accused by Nguyen of mislabeling medicine bottles. He would continually threaten to write her up for this despite their being no proof that Plaintiff mislabeled the bottle.

24. No other elder female African American employee was ever threatened to be written up, or be subjected to Nguyen calling the District Manager complaining for mislabeling bottles.

25. On the contrary, other employees would not only mislabel bottles, but place medicine in bags that were intended for the wrong customer with no repercussions, and no calls to the District Manager.

26. Defendant Nguyen would always yell at Plaintiff to answer the telephone and never yell at other employees to answer the phone.

27. Defendant Nguyen did not treat younger employees or male employees, or non African American employees with the level of disrespect that Plaintiff was confronted with.

28. Defendant Nguyen would not write up male employees or non African American employees for coming to work late or leaving early.

29. Defendant Nguyen would treat younger employees differently then Plaintiff, who was 57 at the time.

30. Plaintiff was treated improperly by a customer and was given a written warning, despite the fact that Plaintiff did nothing wrong.

31. Other employees who were either male or younger then Plaintiff were not written up and were treated more favorably despite the fact that there were numerous complaints lodged against them.

32. On numerous occasions, Mycell, an African American male employee approximately 19 years old received complaints about his attitude or performance and was never written up.

33. There were two Indian employees who called out and were frequently late but were never written up or reprimanded.

34. There are two Asian males, ages 19 – 20 who have called out and/or were late, but were never written up or reprimanded.

35. Finally on July 7, 2012, Plaintiff had a meeting with her union representative, Defendant Nguyen, Defendant Caravello and a human resource manager. As a result of the meeting, Plaintiff was informed that she was being "retired."

36. Plaintiff was terminated on July 7, 2012 and thereafter was forced to seek unemployment compensation.

37. As a result of being terminated, Plaintiff Hurling began a seeing a therapist to help deal with her depression.

38. While not all the issues addressed in therapy were directly related to her termination, her lack of employment exacerbated the unrelated stressors in Plaintiff's life.

39. Plaintiff Hurling was never provided a reason for her forced "retirement."

40. It is Plaintiff's believe that her termination was pretextual and that she was terminated solely as a result of her race (African-American) age, 57 and gender, female.

41. As a result of the foregoing discrimination, harassment and retaliation, Plaintiff has suffered in the past and in the future, both economic and non-economic harm, including, but not limited to emotional distress.

42. On or about January 8, 2013, Plaintiff filed a complaint alleging with the Equal Employment Opportunity Commission alleging race, age, sex and national origin discrimination.

Plaintiff properly followed administrative law requirements and filed with the Equal Employment Opportunity Commission ("E.E.O.C.") (Dkt Nos. 530-2013-00900) regarding race, age, sex and national origin discrimination. Thereafter, on August 13, 2013, Plaintiff was issued a 90 day "Right to Sue" Letter from the E.E.O.C. relating to Dkt No. 530-2013-00900, a copy attached hereto as Exhibit "A."

## FIRST CAUSE OF ACTION

## FEDERAL CONSTITUTIONAL CLAIM

## PLAINTIFF MELONIE HURLING v. DEFENDANT RITE AID CORPORATION

**Title VII of the Civil Rights Act OF 1964, 42 U.S.C. Section 2000e-2(A)(1)**

### Discrimination

43. The preceding paragraphs are incorporated herein by reference as though fully set forth.

44. Race, age, sex and national origin discrimination directed at Plaintiff by Defendant's supervisor(s) in the workplace constitutes discrimination because of gender/sex race as prohibited by Title VII of the Civil Rights Act.

45. Defendant Rite Aid, by the conduct of its employees, Defendants Nguyen and Caravello as set forth above, engaged in a pattern of racial, age and gender discrimination that is strictly prohibited by Title VII.

46. As a direct and proximate cause of Defendants' actions, Plaintiff suffered and continues to suffer physical and emotional pain, trauma, flashbacks, panic attacks and illness as a direct and proximate result of the harassing behavior of the Defendant in targeting her as the focus of its supervisor's racial, gender and age discrimination and harassment. The workplace environment became so poisoned by defendant's actions that Plaintiff's ability to function within

the company, as well as society, was negatively effected. She was targeted for maltreatment solely because of her gender and race and age at the hands of her supervisors.

## SECOND CAUSE OF ACTION

## FEDERAL CONSTITUTIONAL CLAIM

## PLAINTIFF MELONIE HURLING v. DEFENDANT RITE AID CORPORATION

Age Discrimination in Employment Act OF 1967, 29 U.S.C. Section 621-634

### Discrimination

47. The Age Discrimination in Employment Act (ADEA) was established to promote employment of older persons based on their ability rather than age; to prohibit arbitrary age discrimination in employment.

48. It shall be unlawful for an employer-to discharge any individual or otherwise discriminate against any individual with respect to his or her compensation, terms, conditions, or privileges of employment, because of such individual's age.

49. Plaintiff, a fifty seven (57) year old female was employed with defendant Rite Aid for 23 years.

50. Plaintiff's salary was significantly higher than younger employee salaries.

51. When Plaintiff was terminated she was replaced by a significantly younger employee paid at a lower hourly rate of compensation.

52. Defendants, as set forth above, by terminating Plaintiff for no legitimate reason, and due to her age, acted in violation of the ADEA.

### THIRD CAUSE OF ACTION

### PENDANT STATE CLAIMS

### PLAINTIFF MELANIE HURLING v. DEFENDANTS RYAN NGUYEN AND CHRISTINE CARAVELLO

**Violation of the Pennsylvania Human Relations Act**

53. The preceding paragraphs are incorporated herein by reference as though fully set forth.

54. Defendants' conduct, as described above, violated the Pennsylvania Human Relations Act ("PHRA") and affords Plaintiff the opportunity to seek remedies afforded by §9 of the Act.

55. Defendants violated the PHRA when they permitted the unlawful harassment and racial and gender discrimination of Plaintiff by supervisors Nguyen and Jones, and thereby created a hostile work environment for Plaintiff.

56. Plaintiff seeks redress under the PHRA for all remedies available to her given the hostile work environment caused by discriminatory animus of Defendants based upon Plaintiff's race, gender and age, such that she was forced to endure ongoing harassment by a supervisor and ultimate termination.

### RELIEF

**WHEREFORE**, Plaintiff prays for the following relief:

a. Defendants be permanently enjoined from discriminating against Plaintiff on any basis as forbidden by Title VII, the ADEA or the Pennsylvania Human Relations Act;

b. Defendants be enjoined from harassing or intimidating and retaliating against Plaintiff;

c. Defendants be ordered to compensate, reimburse and make whole Plaintiff for all of the benefits Plaintiff would have received had it not been for all of the Defendants' illegal actions, including but not limited to pay, benefits, training, promotions, and seniority.

d. Compensatory damages;

  e. Punitive damages;

  f. Such equitable and legal relief as is proper and just.

  g. Attorney fees as provided in Section 706(k) of Title VII (42 U.S.C.A. section 2000e-5(k)).

Plaintiff demands a trial by jury on issues triable to a jury.

       Respectfully submitted

       **James, Schwartz & Associates, P.C.**

   By:  S/Jonathan J. James JJJ6405
       JONATHAN J. JAMES, ESQUIRE
       Attorney I.D. #64534

       S/Michael C. Schwartz MCS6449
       MICHAEL C. SCHWARTZ
       Attorney I.D. #39475
       1500 Walnut Street
       21st Floor
       Philadelphia, PA 19102
       (215) 751–9865

       COUNSEL FOR PLAINTIFF

Date: November 8, 2013